José Nine, Appellant, v. Registrar of Property of Mayagüez, Respondent.

No. 795. Submitted December 4, 1929.—Decided January 14, 1930.

José Sabater, for appellant. The registrar appeared by brief.

Mr. Justice Texidor delivered the opinion of the court.

In this case it appears that a mortgage for $2,620 was constituted by José Rivera Olán in favor of José Nine, who executed a promissory note payable to bearer, also for $2,620, and secured by his interest under the aforesaid mortgage; that the said Rivera Olán constituted another mortgage for $2,000 in favor of said José Nine, who in his turn signed another promissory note for $2,000 likewise payable to bearer and similarly secured by the latter mortgage; and that a further mortgage for $2,808 was executed by María Luisa Rivera in favor of the said Nine, who thereupon subscribed a promissory note for a like sum, payable to bearer and secured by his interest as mortgagee under that mortgage. These transactions were recorded in the registry of property.

To secure the sum of $5,000 with interest and costs, José Nine then mortgaged to Arturo Hau Salguero the interest he held under the mortgages securing the three notes aforesaid, which he endorsed in favor of Hau Salguero. Proper record of this contract was entered in the registry of property.

Thereafter José Nine, in a deed of October 25, 1929, acknowledged the execution of another promissory note payable to bearer, for $2,428 with interest and costs, and constituted in favor of such bearer a mortgage on his interest as a mort-

gage creditor. The deed further recited that the three mortgages previously executed in favor of Nine amounted to $7,428 and that his interest therein had been mortgaged to Arturo Hau Salguero, to secure a loan of $5,000. The document was submitted for record to the registrar, who refused to record it by a ruling, as follows:

"The record of the mortgage set forth in the document herewith, deed No. 204, executed on October 25, 1929, in Mayagüez, before notary José Sabater, is refused and a cautionary notice entered, pursuant to law, in favor of the holder or holders of the aforesaid promissory note on the margin next to the description of the properties affected by the contract, because of the following defect to wit, because it appears from the registry that Mr. Nine is not the owner of the security which he mortgages by the present deed, since he mortgaged such security, without any limitation, to Arturo Hau Salguero in whose favor he endorsed the notes representing the debt so secured, and in accordance with the provisions of section 139 of the Mortgage Law and subdivision 2 section 1758 of the Civil Code."

The right of a mortgagee to mortgage his interest as such is clear under subdivision 8, section 107 of the Mortgage Law.

But that is not the point involved in this case. Here the appellant subscribed three promissory notes payable to bearer, for the aggregate sum of $7,428, secured by mortgages totalling the same amount, which notes he has endorsed to Arturo Hau Salguero, as security for a loan of a lesser sum. Such an indorsement had the effect of transferring to the indorsee the ownership of said notes together with the corresponding security, which thus became exhausted to appellant.

That being so, the conclusion must be reached that the registrar was correct in maintaining that the appellant was no longer the holder of the mortgage right in question when he executed the last promissory note.

The ruling appealed from will be affirmed.